**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                              :

GOLO, LLC,                        :    Case No. 17-cv-8461 (KBF)
                              :

           Plaintiff,             :

                              :

       vs.                       :

                              :

ZOCO PRODUCTIONS, LLC, MEHMET OZ,   :
M.D., and KERRI GLASSMAN,        :

                              :

         Defendant.          :

                              :

                              :
-------------------------------------------------------------X

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**KERI GLASSMAN TO PLAINTIFF'S COMPLAINT**

       Defendant Keri Glassman ("Ms. Glassman"), by and through her undersigned

counsel, hereby responds to the Complaint of Plaintiff GOLO, LLC ("GOLO") with the

following Answer corresponding to the paragraphs set out in the Complaint:

       1.      Ms. Glassman admits that this Court has subject matter jurisdiction over this

action.

       2.      This allegation is no longer operative in light of the transfer of this action to the

United States District Court for the Southern District of New York.

       3.      This allegation is no longer operative in light of the transfer of this action to the

United States District Court for the Southern District of New York.  By way of further answer,

Ms. Glassman admits that this Court has personal jurisdiction over her.

       4.      Ms. Glassman denies the allegations in Paragraph 4 of the Complaint.

       5.      This allegation is no longer operative in light of the transfer of this action to the

United States District Court for the Southern District of New York.  By way of further answer,

Ms. Glassman admits that venue is proper in this Court.

6.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and they are, on that basis, denied.

7.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and they are, on that basis, denied.

8.     This allegation is no longer operative in light of the dismissal of Harpo Productions, Inc. from this action.

9.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and they are, on that basis, denied.

10.    Ms. Glassman admits this allegation.

11.    Ms. Glassman admits that GOLO purports to sell a weight loss and wellness program.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint, and they are, on that basis, denied.

12.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and they are, on that basis, denied.

13.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and they are, on that basis, denied.

14.    Ms. Glassman admits that the "GOLO Rescue Plan" purports to promote weight loss with a three-tier solution of dietary modification, lifestyle changes, and nutraceutical supplementation.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Complaint, and they are, on that basis, denied.

15.     Ms. Glassman admits that the GOLO program includes (1) pills called "Release"; (2) a "matrix" called the "Metabolic Fuel Matrix"; and (3) a booklet called the "Truth and Change booklet."  Ms. Glassman further admits that the GOLO program purports to involve other "behavioral tools," that GOLO claims that its program is designed to promote steady weight loss, and that losing an average of 1-2 pounds per week is generally regarded as a healthy and sustainable weight loss goal to minimize muscle loss.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint, and they are, on that basis, denied.

16.     Ms. Glassman admits that GOLO claims that the pills called "Release" contain a proprietary blend of ingredients that work in conjunction with the Metabolic Fuel Matrix to help manage glucose, insulin, and stress, in order to promote steady and sustainable weight loss and minimize or eliminate muscle loss during the weight loss regimen.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint, and they are, on that basis, denied.

17.     Ms. Glassman admits that GOLO claims that its "Metabolic Fuel Matrix" involves a meal plan that utilizes something GOLO created and calls the "Fuel Index system." Ms. Glassman further admits that GOLO claims that, under its plan, the typical daily caloric intake ranges from 1300-1500 calories, and that that is higher than diet plans that keep the dieter's intake below 1200 calories per day.  Ms. Glassman further admits that GOLO claims that its diet program allows for additional caloric intake when dieters complete daily exercise.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint, and they are, on that basis, denied.

18.     Ms. Glassman admits that GOLO purports to "promote[] lifestyle behavioral change by providing users with several tools to help adjust their eating habits, address stress and

emotional eating, shop healthier, and exercise more."  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint, and they are, on that basis, denied.

19.     Ms. Glassman admits that GOLO claims that the "GOLO rescue plan currently includes: the GOLO Quick Start Guide; Rescue Plan; Creating Matrix Meals; Truth and Change; the Release Supplement; and a free myGOLO.com membership."  Ms. Glassman further admits that GOLO claims that its members "can choose additional Release bottles at the time of order or later via the myGOLO free membership site."  Ms. Glassman further admits GOLO claims that its "[c]ustomers do not pay for shipping for their Rescue Plan Kit."  Ms. Glassman lacks knowledge of information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint, and they are, on that basis, denied.

20.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and they are, on that basis, denied.

21.     Ms. Glassman admits that GOLO claims to offer a "60-day money back guarantee to its members, from the time they receive the product."  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint, and they are, on that basis, denied.

22.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and they are, on that basis, denied.

23.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and they are, on that basis, denied.

24.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and they are, on that basis, denied.

25.     Ms. Glassman admits that GOLO claims to have conducted several trials between 2009 and 2014 in South Africa and the United States to determine the efficacy and safety of its three-tiered solution.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint, and they are, on that basis, denied.

26.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and they are, on that basis, denied.

27.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and they are, on that basis, denied.

28.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and they are, on that basis, denied.

29.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and they are, on that basis, denied.

30.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and they are, on that basis, denied.

31.     Ms. Glassman admits that Dr. Oz is a medical doctor, professor, author, entrepreneur, and television personality.  To the extent that Paragraph 31 of the Complaint contains any additional allegations, they are denied.

32.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and they are, on that basis, denied.

33.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and they are, on that basis, denied.

34.     Ms. Glassman admits that, to the best of her knowledge, *The Dr. Oz Show* is a

one-hour "information talk show" devoted to medical issues, personal health, and related topics.

35.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and they are, on that basis, denied.

36.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and they are, on that basis, denied.

37.    Ms. Glassman admits that she is (among other things) a nutritionist and that she has appeared as a guest on *The Dr. Oz Show*.  She denies the remaining allegations in Paragraph 37 of the Complaint.

38.    Ms. Glassman admits that Dr. Oz may have referred to her as an "expert" during one of her appearances on *The Dr. Oz Show*, and that she has, at least in one instance, provided reviews or analyses of diets and weight loss programs during an appearance on *The Dr. Oz Show*. Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the Complaint, and they are, on that basis, denied.

39.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Dr. Oz in Paragraph 39 of the Complaint, and they are, on that basis, denied.

40.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and they are, on that basis, denied.

41.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, and they are, on that basis, denied.

42.    Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and they are, on that basis, denied.

43.    Ms. Glassman lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 43 of the Complaint, and they are, on that basis, denied.

44.     Ms. Glassman admits that Dr. Oz has a website (http://www.doctoroz.com) that is used to post clips from *The Dr. Oz Show* and publish various articles.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint, and they are, on that basis, denied.

45.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and they are, on that basis, denied.

46.     Ms. Glassman admits that she is the author of the four books identified in Paragraph 46 of the Complaint (though the correct title of the first book is "*The New You (& Improved!) Diet*").  Ms. Glassman denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Ms. Glassman denies that she is "president" of either "Nutritious Life" or "The Nutrition School."  She admits that, at the time the Complaint was filed, her website described the Nutrition School as "a 12 week online course created to provide an unprecedented nutrition education and a springboard for building and nurturing a successful career in health and wellness."

48.     Ms. Glassman admits that she promotes and/or receives compensation from the sale of supplements manufactured and distributed by Life's Abundance.  She further admits that, at the time the Complaint was filed, her website stated that she "helped choose [e]very single ingredient that went into these supplements," which are "intended to be incorporated into a [consumer's] diet . . . life support . . . overall health, not just for 30 days, but for a lifetime."  Ms. Glassman denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Ms. Glassman denies the allegations pertaining to her in Paragraph 49 of the

Complaint.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations pertaining to Dr. Oz in Paragraph 49 of the Complaint, and they are, on that basis, denied.

50.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint, and they are, on that basis, denied.

51.     Ms. Glassman denies the allegations in Paragraph 51 of the Complaint.

52.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and they are, on that basis, denied.

53.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, and they are, on that basis, denied.

54.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and they are, on that basis, denied.

55.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and they are, on that basis, denied.

56.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint, and they are, on that basis, denied.

57.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint, and they are, on that basis, denied.

58.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and they are, on that basis, denied.

59.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint, and they are, on that basis, denied.

60.     Ms. Glassman denies that she contributed to the "Written Review."  Ms.

Glassman further denies that the "Written Review," as set out in Exhibit E to the Complaint, is "replete with inaccuracies, misleading statements, and blatant falsehoods."  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 of the Complaint, and they are, on that basis, denied.

61.     Ms. Glassman admits that Paragraph 61 of the Complaint accurately quotes from Exhibit E to the Complaint.  Ms. Glassman denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Ms. Glassman incorporates by reference her responses to Paragraphs 14-25 of the Complaint.  By way of further answer, Ms. Glassman states that she lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint, and they are, on that basis, denied.

63.     Ms. Glassman admits that the "Written Review," as set out in Exhibit E to the Complaint, states, in part, that "[Ms.] Glassman found that the diet is pretty basic in terms of balancing protein, healthy carbohydrates, and vegetables, but the way information is presented is confusing.  If you are not a fan of taking supplements regularly, this may not be the diet for you."  Ms. Glassman denies the remaining allegations in Paragraph 63 of the Complaint.

64.     Ms. Glassman incorporates by reference her responses to Paragraphs 14-25 of the Complaint.  By way of further answer, Ms. Glassman states that she lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and they are, on that basis, denied.

65.     Ms. Glassman admits that on July 12, 2017 a segment was broadcast on *The Dr. Oz Show* that included a review of the GOLO program.  Ms. Glassman denies that Exhibit F is a complete and accurate transcript of that segment.  Ms. Glassman lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Complaint, and they are, on that basis, denied.

66.     Ms. Glassman denies the allegations in Paragraph 66 of the Complaint.

67.     Ms. Glassman admits that, during the "TV Review," she and Dr. Oz stood behind GOLO manuals and a bottle of Release, and that, during the segment, they asked a woman named "Celest" about her experience with and opinion of GOLO.  Ms. Glassman denies the remaining allegations in Paragraph 67 of the Complaint.

68.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint, and they are, on that basis, denied.

69.     Ms. Glassman denies the allegations in Paragraph 69 of the Complaint.

70.     Ms. Glassman admits that, during the "TV Review," she stated that GOLO customers pay "$50 . . . for the month," and then she also – in a slip of the tongue – later stated that GOLO's customers pay "$50 a day."  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint, and they are, on that basis, denied.

71.     Ms. Glassman denies the allegations in Paragraph 71 of the Complaint.

72.     Ms. Glassman admits that, during the "TV Review," she stated that the "research done on [the GOLO diet] is also, of course, not really surprisingly, done by the company itself." Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 72 of the Complaint, and they are, on that basis, denied.  Ms. Glassman denies the remaining allegations in Paragraph 72 of the Complaint.

73.     Ms. Glassman admits that, during the "TV Review," she summarized "Celest's" daily food intake on the GOLO program as a "fairly healthy diet" that is "a little low on calories,

um a little, maybe a little low in protein, perhaps a little low in fat, but it's a fairly healthy plan." Ms. Glassman denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Ms. Glassman admits that, during the "TV Review," "Celest" stated that GOLO was a "no no" for her.  Ms. Glassman denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Ms. Glassman admits that she did not personally contact GOLO, request information from GOLO, or submit questions to GOLO prior to her participation in the segment of *The Dr. Oz Show* that included the review of the GOLO program.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 of the Complaint, and they are, on that basis, denied.

76.     Ms. Glassman denies the allegations in Paragraph 76 of the Complaint.

77.     To the extent that Paragraph 77 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman states that she lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 77 of the Complaint, and they are, on that basis, denied.

78.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, and they are, on that basis, denied.

79.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint, and they are, on that basis, denied.

80.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint, and they are, on that basis, denied.

81.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint, and they are, on that basis, denied.

82.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint, and they are, on that basis, denied.

83.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint, and they are, on that basis, denied.

84.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint, and they are, on that basis, denied.

85.     Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Complaint, and they are, on that basis, denied.

86.     To the extent that Paragraph 86 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86 of the Complaint, and they are, on that basis, denied.

87.     To the extent that Paragraph 87 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87 of the Complaint, and they are, on that basis, denied.

88.     Ms. Glassman incorporates by reference her responses to the preceding Paragraphs of the Complaint as though fully set forth herein.

89.     To the extent that Paragraph 89 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89 of the Complaint, and they are, on that basis, denied.

90.     To the extent that Paragraph 90 contains allegations directed at Ms. Glassman,

those allegations are denied. Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Complaint, and they are, for that reason, denied.

91. To the extent that Paragraph 91 contains allegations directed at Ms. Glassman, those allegations are denied. Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 of the Complaint, and they are, on that basis, denied.

92. To the extent that Paragraph 92 contains allegations directed at Ms. Glassman, those allegations are denied. Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 92 of the Complaint, and they are, on that basis, denied.

93. Ms. Glassman denies the allegations in Paragraph 93 of the Complaint.

94. Ms. Glassman denies the allegations in Paragraph 94 of the Complaint.

95. Ms. Glassman denies the allegations in Paragraph 95 of the Complaint.

96. Ms. Glassman denies the allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Ms. Glassman denies the allegations in Paragraph 97 of the Complaint.

98. Ms. Glassman states that no response is necessary to Paragraphs 98-104 of the Complaint in that the claim to which they relate has been dismissed.

99. Dismissed.

100. Dismissed.

101. Dismissed.

102.   Dismissed.

103.   Dismissed.

104.   Dismissed.

105.   Ms. Glassman states that no response is necessary to Paragraphs 105-112 of the Complaint in that the claim to which they relate has been dismissed.

106.   Dismissed.

107.   Dismissed.

108.   Dismissed.

109.   Dismissed.

110.   Dismissed.

111.   Dismissed.

112.   Dismissed.

113.   Ms. Glassman incorporates by reference her responses to the preceding Paragraphs of the Complaint as though fully set forth herein.

114.   To the extent that Paragraph 114 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 114 of the Complaint, and they are, on that basis, denied.

115.   To the extent that Paragraph 115 contains allegations directed at Ms. Glassman, those allegations are denied.  Ms. Glassman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 115 of the Complaint, and they are, on that basis, denied.

116.   Paragraph 116 of the Complaint states a legal conclusion to which no response is

required.  To the extent that a response is required, Ms. Glassman denies the allegations in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, Ms. Glassman denies the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Glassman denies the allegations in Paragraph 118 of the Complaint.

119.    Ms. Glassman denies the allegations in Paragraph 119 in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Ms. Glassman is not in any way agreeing or conceding that she has the burden of proof or the burden of persuasion on any of these issues.

### FIRST DEFENSE

GOLO has failed to state a claim upon which relief can be granted

### SECOND DEFENSE

GOLO has failed to mitigate its damages as required by law.

### THIRD DEFENSE

Ms. Glassman's conduct was not the proximate cause of any injury to GOLO.

### FOURTH DEFENSE

GOLO's claims are barred, in whole or in part, because GOLO lacks standing to advance such claims.

**FIFTH DEFENSE**

GOLO's claims are barred, in whole or in part, because the complained of statements are opinion and/or puffery.

**SIXTH DEFENSE**

Ms. Glassman notes that GOLO bears the burden of proving that the complained of statements are materially false, and avers that they are substantially true.

**SEVENTH DEFENSE**

The statements identified by GOLO as false and misleading are not material to the purchasing decisions of any of GOLO's customers or potential customers.

**EIGHTH DEFENSE**

GOLO's claims are barred by the First Amendment to the United States Constitution and/or by Article I, Section 8 of the New York State Constitution.

**NINTH DEFENSE**

Ms. Glassman acted at all time in good faith.

**<u>ATTORNEYS' FEES</u>**

GOLO's actions make this an exceptional case under the Lanham Act and, therefore, Ms. Glassman is entitled to her attorneys' fees under the Lanham Act and any other applicable law.

**WHEREFORE,** Ms. Glassman respectfully requests that:

1.      Judgment be entered in her favor, and the Complaint against her be dismissed with prejudice;

2.      She be awarded her costs, disbursements, and attorneys' fees; and

3.      The Court grant her such other and further relief as is just and proper.

Dated:  December 28, 2017                    Respectfully submitted,

                                             BALLARD SPAHR LLP

                                              /s/ *Paul J. Safier*
                                             Paul J. Safier
                                               safierp@ballardspahr.com
                                             Elizabeth Seidlin-Bernstein
                                               seidline@ballardspahr.com
                                             1735 Market Street, 51st Floor
                                             Philadelphia, Pennsylvania 19103
                                             Telephone:  (215) 665-8500
                                             Facsimile:  (215) 864-8999

                                             *Attorneys for Defendant Keri Glassman*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of December, 2017, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Kerri Glassman to Plaintiff's Complaint to be served via ECF upon all counsel of record.


By: _____*/s/ Paul Safier*_____
     Paul Safier